*1412 OPINION.
Murdock:
The sole question for decision is whether the dividend distribution of $50,000 made on December 15, 1936, was preferential *1413 within the meaning of section 27 (g) so as not to entitle the petitioner to a dividends paid credit under section 27 (a) of the Revenue Act of 1936. The argument of the respondent is that Earle and Mabel, by reason of the contributions of capital which resulted from their contribution of bonds to the petitioner, became the owners of interests in the corporation in addition to those represented by their shares and, consequently, they received less than their pro rata share of the $50,000 dividend. The facts show, however, that they donated the bonds to the corporation without any intention of increasing their proportionate interest in the corporation. The donation of those bonds, of course, added to the value of the interests of all of the stockholders, including those who had made no contribution whatsoever. The stockholdings remained the same, and every share received its pro rata equal share of the dividend distribution without any preference. There was no connection whatsoever between the capital contribution made by Earle and Mabel and the dividend of December 15, 1936. The capital contribution was made on May 20, 1935, over a year and a half before the dividend was declared. The respondent makes no point of the fact that Goldsmith returned the $50 which he received as a dividend. The evidence clearly shows that he did that from personal choice and not because of any agreement or understanding either expressed or implied. Neither does the Commissioner make any point of the fact that a portion of Mabel’s dividend was used to cancel a loan which she had obtained from the petitioner. The Commissioner erred in disallowing the dividends paid credit claimed by the petitioner for 1936.

Decision will be entered for the ‘petitioner.